## UNITED STATES DISTRICT COURT
## DISTRICT MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES RASO, TRUSTEE | ) | |
| of the MASSACHUSETTS BRICKLAYERS | ) | |
| AND MASONS HEALTH AND WELFARE, | ) | |
| PENSION AND ANNUITY FUNDS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | |
| | ) | |
| FONTAINE MASONRY RESTORATION, INC. | ) | |
| and JAMES W. FONTAINE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT
Count I
(as against Fontaine Masonry Restoration, Inc.)

1.      This is an action under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, *et seq*., brought on behalf of Massachusetts Bricklayers and Masons

Health and Welfare, Pension and Annuity Funds ("Funds") for damages and injunctive relief

arising from unpaid and delinquent employee benefit contributions.

2.      This court has jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1)

and venue lies in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

3.      Plaintiff, Charles Raso, is the Trustee of the Funds and is a "fiduciary" within the

meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  The Funds are "multi-employer

plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and "employee

benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C., § 1002(3).  The

Funds have a principal office at and are administered from 645 Morrissey Boulevard, Boston,

Massachusetts.

4.      Defendant Fontaine Masonry Restoration, Inc. ("Fontaine Masonry") is an

employer with a place of business in Southbridge, Massachusetts.

5.     Defendant Fontaine Masonry is an "employer" within the meaning of 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2), (6) and (7).

6.     Defendant James W. Fontaine ("J. Fontaine") is an individual having an address in Southbridge, Massachusetts.

7.     Bricklayers and Allied Craftsmen Local Union No. 3, Massachusetts, Maine, New Hampshire, Rhode Island ("BAC Local 3") is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

8.     At all material times, Defendant Fontaine Masonry was obligated to make contributions to the Funds on behalf of certain employees pursuant to the terms of one or more collective bargaining agreements ("CBA") between it and BAC Local 3 and by the terms of Agreements and Declarations of Trust of each Fund to which Defendant Fontaine Masonry was also bound to make contributions to the Funds on behalf of certain employees pursuant to an audit. See attached as Exhibit A.

9.     Pursuant to said agreements, Defendant Fontaine Masonry must pay interest, and liquidated damages for all delinquent contributions.

10.     Defendant Fontaine Masonry has failed to make required contributions to the Funds in violation of its agreement and Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiff demands that judgment enter against the Defendant Fontaine Masonry Restoration, Inc. in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.     Awarding the Funds the following amounts:

    i.       the unpaid health, pension and annuity contributions;

    ii.      interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

    iii.    liquidated damages pursuant to the collective bargaining agreements; and

    iv.    all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

Count II
(Balance of Unpaid Audit)

11.    Plaintiff hereby incorporates by reference as if stated herein paragraphs 1 through 10 of this complaint.

12.    On or about February 19, 2016, the Funds notified Defendant Fontaine Masonry of delinquent contributions due pursuant to a payroll audit for the period of January 2012 through December 2014 in the total amount of $309,175.15 ("2016 Audit").  See attached as Exhibit B.

13.    On or about July 20, 2017, Defendant Fontaine Masonry ceased making payments toward the 2016 Audit leaving a balance of $209,094.10 which includes interest, fees and liquidated damages.

WHEREFORE, Plaintiff demands that judgment enter against the Defendant Fontaine Masonry Restoration, Inc. in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.    Awarding the Funds the following amounts:

    i.       the balance of the unpaid 2016 Audit in the amount of $209,094.10;

    ii.      interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

    iii.    liquidated damages pursuant to the collective bargaining agreements; and

    iv.    all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

Count III
(as against James W. Fontaine)

14.     Plaintiff hereby incorporates by reference as if stated herein paragraphs 1 through 13 of this complaint.

15.     Pursuant to Section 1.15 of each of the Funds' respective Trust Agreements, contributions that are due and owing but not yet paid are defined as "plan assets" of the Funds.

16.     Under ERISA § 3(31)(A), 29 U.S.C. § 1002(21)(A), a person is a fiduciary with respect to an ERISA plan to the extent he/she exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

17.     Defendant J. Fontaine is the sole officer and Director of Fontaine Masonry.

18.     Defendant J. Fontaine executed the CBA between Fontaine Masonry and BAC Local 3.

19.     Upon information and belief and at all material times to this action, Defendant J. Fontaine exercised control and discretion over the assets of Fontaine Masonry including decisions regarding the payment of contributions due and owing by Fontaine Masonry to the Funds.

20.     As such,  upon information and belief  Defendant J. Fontaine is a fiduciary of the Funds, as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

21.     Upon information and belief, at all material times to this action, Defendant J. Fontaine, acting within his discretion as fiduciary under ERISA, breached his duty as fiduciary when he failed to make benefit contributions that were due and owing to the Funds.

22.     As a result of the breach of his fiduciary duty, Defendant J. Fontaine is personally liable for the unpaid contributions owed to the Funds.

WHEREFORE, Plaintiff demands that judgment enter against Defendant James W.

Fontaine in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.    Awarding the Funds the following amounts:

    i.    the unpaid health, pension and annuity contributions;

    ii.    interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

    iii.    liquidated damages pursuant to the collective bargaining agreements; and

    iv.    all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

Dated:  February 22, 2019

Respectfully submitted,

For the Plaintiff,

/s/ Renee J. Bushey
Renee J. Bushey, Esq.
BBO # 629444
rjb@fczlaw.com
Catherine M. Campbell, Esq.
BBO # 549397
cmc@fczlaw.com
**Feinberg, Campbell & Zack, P.C.**
177 Milk Street, 3rd Floor
Boston, MA 02109
(617) 338-1976

## <u>CERTIFICATE OF SERVICE</u>

I, Renee J. Bushey, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Dated:  February 22, 2019                                    <u>/s/ Renee J. Bushey</u>
                                                                            Renee J. Bushey, Esq.